United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**for the Fifth Circuit**

No. 04-10224

JAIME CARDENAS-GARCIA; JAHAN RASTY,

Plaintiffs-Appellants,

VERSUS

TEXAS TECH UNIVERSITY; THOMAS BURTON, individually and in his official capacity as Chair of the Mechanical Engineering Department at Texas Tech University; and WILLIAM MARCY, individually and in his official capacity as Associate Dean and later Dean of the College of Engineering at Texas Tech University,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
03-CV-029-C

Before REAVLEY, DAVIS, and WIENER, Circuit Judges,

PER CURIAM:[*]

Appellants Jaime Cardenas-Garcia (Cardenas-Garcia) and Jahan Rasty (Rasty) sue their former employer, Texas Tech University

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

(TTU) and their former supervisors, Thomas Burton (Burton) and William Marcy (Marcy), both in their individual and official capacities, under Title VII and 42 U.S.C. § § 1981 and 1983 for employment discrimination based on national origin and retaliation. The district court dismissed both plaintiffs's claims against all defendants. We affirm for the following reasons.

In plaintiffs' actions against TTU under Title VII and against Burton and Marcy under § 1981, plaintiffs failed to produce summary judgment evidence from which a factfinder could infer that either plaintiff suffered an adverse employment action at the hands of any defendant. Proof of an adverse employment action is a requisite element of the plaintiffs' prima facie cases of discrimination and retaliation under both Title VII and § 1981.[2] Plaintiffs allege that poor performance reviews and disciplinary investigations constitute adverse employment actions. Under our jurisprudence, an adverse employment action means an ultimate employment decision, such as hiring, granting leave, discharging, promoting and compensating. See Foley v. University of Houston System, 355 F.3d 333, 340 (5th Cir. 2003). Performance reviews and investigations, therefore, do not qualify as ultimate employment actions.

---

[2]See Order of the District Court, R. 01643 (laying out the prima facie case for national origin discrimination/disparate treatment under Title VII), R. 01645 (detailing the prima facie case for retaliation under Title VII), and Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000)(Stating that both § 1981 and Title VII are analyzed under the Title VII evidentiary framework).

Plaintiffs, do, however, also argue that they both received proportionately lesser pay increases than did other, Anglo professors on the faculty. While this court has held that a complete *denial* of a pay increase may qualify as an ultimate employment decision, we have never held that a proportionately lesser pay increase, where an increase was received every year, could fulfill the requirement. See Fierros v. Texas Department of Health, 274 F.3d 187, 193 (5th Cir. 2001).

For the above reasons, we AFFIRM the district court's grant of summary judgment in favor of all defendants.